### BOYD v. ARNOLD, LOUCHEIM & CO. et al.*

(Circuit Court of Appeals, Fifth Circuit. December 15, 1906.)

#### No. 1,594.

BANKRUPTCY—APPEAL—REFEREE'S FINDINGS—REVIEW.

Where an application for a bankrupt's discharge was heard on briefs and the report of a referee overruling the specifications of objection, and the referee's findings, so far as they were disputed, were amply supported by the testimony, an order denying the application will be reversed on appeal.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Western District of Texas.

D. A. Kelley, for appellant.

J. D. Williamson, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. The appellant was adjudged bankrupt on his voluntary petition. In due time he made his application

* Rehearing denied January 15, 1907.

for a discharge. Pursuant to a general order of the bankruptcy court authorizing the clerk to set down applications for discharge for hearing before the referee, this application was set to be so heard. Notices were sent out to all known creditors, and in due time certain of them filed objections to the granting of the discharge, specifying several grounds, originally presented and afterwards amended, which sufficiently appear, without specification at this place, in the extracts hereinafter given from the referee's report. Issues thus presented were strenuously litigated before, and examined fully by, the referee; the respective parties being represented by able counsel. The evidence, both documentary and oral, in full compass and minuteness, was taken and brought up in the transcript now before us. We do not deem it necessary to review it in detail. It is accurately summarized in the report of the referee, and thereupon he made his findings as follows:

"From the foregoing facts, I find that it is true, as stated in specification of objection No. 1, that J. W. Boyd, the bankrupt, has an interest in 1,579 acres of land in the name of his wife, A. F. Boyd, in Coryell county, Tex., but that the affidavit to the schedules in which this is not set out as a part of his property was not made willfully and fraudulently, nor with the intention of concealing such interest from his creditors. It is true, as stated in specification of objection No. 2, that the said J. W. Boyd has an interest in 1,579 acres of land in the name of his wife, A. F. Boyd, but that the same was not transferred to his wife, nor procured to be transferred to his wife, for the purpose of defrauding, hindering, or delaying his creditors. I find that it is true, as charged in specification of objection No. 3, that the said James W. Boyd has an interest in the said 1,579 acres of land in the name of his wife, A. F. Boyd, but that it is not true that said property was willfully and fraudulently concealed from his trustee in bankruptcy after his adjudication herein. I further find that it is true, as stated in specification of objection in the amended specification filed herein, that the said James W. Boyd took $85 from the cash drawer of the Boyd Mercantile Company, a bankrupt, and had same charged to his personal account, but that such taking was not done for the purpose of appropriating the property to his own use, or for the purpose of defeating the bankruptcy act, and was not taken from the property, nor was it a concealment of the property in this proceeding, which is No. 496, James Watson Boyd, Bankrupt; that it otherwise appears that said bankrupt has fully complied with the requirements of the acts of Congress relating to bankruptcy, and the orders of court touching his said bankruptcy; and that it appears that all notices, wherever required, have been given in the manner, for the length of time, and in the terms required by the bankruptcy acts and rules of court. Wherefore I recommend that the prayer of said petitioner be granted."

This report was filed in the bankruptcy court the 17th day of May, 1906, and on the 30th day of that month the district judge entered the following order:

"The petition for discharge filed by James Watson Boyd, bankrupt, in the above-entitled cause, coming on to be heard, and the same, together with the specifications of objection thereto filed by creditors, the certificate of the referee, the evidence in the cause, and the briefs of counsel, having been carefully examined and duly considered, the court is of the opinion that a discharge should not be granted. It is therefore ordered and adjudged that the prayer of the petition for discharge be, and the same is, hereby denied."

It clearly appears, from the recitations contained in the foregoing order, that the matter was submitted to the court on briefs of counsel. We have carefully examined and duly considered all the matters

shown in the record which appear to have been before the trial judge, and have reached a different conclusion from that expressed in his order. The referee specifies the four grounds of objection that were made by the creditors to the application for discharge, and distinctly finds that the mistake, if any, that was made in the verified schedules, was not made willfully and fraudulently, nor with the intention of concealing any interests from his creditors; that the 1,579 acres of land was not transferred to his wife, nor procured to be transferred to , her, for the purpose of defrauding, hindering, or delaying his creditors; that the indefinite interest which the bankrupt (in the opinion of the referee) had in the 1,579 acres of land was not willfully and fraudulently concealed from his trustee; that the $85 referred to in the fourth objection, which the bankrupt drew from the Boyd Mercantile Company, another bankrupt, and had same charged to his personal account, was not done by him for the purpose of defeating the bankruptcy act; that the bankrupt has fully complied with the requirements of Congress and the orders of court touching his bankruptcy; and that all notices, wherever required, have been given in the manner and length of time required by the bankruptcy act and the rules of court. These findings of the referee, so far as they are disputed by the appellees, are, in our opinion, amply supported by the testimony.

It is therefore ordered that the decree of the District Court be reversed, and the decree now rendered here that the prayer of the petition for discharge be, and the same is, hereby granted.